INHABITANTS OF WOODSTOCK *vs.* INHABITANTS OF BETHEL.

Oxford, 1876.—May 4, 1877.

*Pauper.*

The annexation of a plantation to a town by an act of the legislature, which is silent on the subject of pauper settlements, does not change the settlements of the inhabitants of the plantation, which they have in other towns.

A person residing in a plantation at the time of its annexation to a town, it not appearing that he has resided there five years, retains his prior pauper settlement.

ON FACTS STATED.

ASSUMPSIT, for pauper supplies furnished Arabella Estes and her five children: John G., Sylvester B., Hannah E., (legitimate;) Eugene and Mary M., (illegitimate.)

PLEA, general issue with a brief statement that the notice was insufficient, (not stating the names of the children,) and that Arabella with her five children had her home in Hamlin's Grant plantation at the time of, and more than five years next preceding, the annexation of that plantation to the plaintiff town, without receiving supplies as a pauper.

The facts were stated in substance thus: Josiah S. Estes had his settlement in Bethel where it continued till his death in the army in 1864. He married Arabella, April 12, 1857, at Hamlin's Grant plantation. The first three children named were born in wedlock; the last two were illegitimate. Arabella and her five children had their home at Hamlin's Grant at the time it was annexed, and it continued in the same place after the annexation, which was February 13, 1873, until the supplies were furnished in April after. The "agreed statement," does not show the fact stated in the "brief statement" and relied upon by the counsel that Arabella and her children had resided at Hamlin's Grant five years and more before the annexation. It was further agreed that the settlement of Arabella and children was in Bethel at the time of the annexation and continued there till the supplies were furnished, unless the act of the legislature approved February 13, 1873, annexing Hamlin's Grant plantation to Woodstock changed it. That act is silent on the subject of pauper settlements. The objection to the notice was to its first clause which ran thus: "You

are hereby notified that Mrs. Arabella Estes and her five children inhabitants of your town having fallen into distress," etc., (not specifying names.)

*R. A. Frye,* for the plaintiffs.

*E. Foster, jr.,* for the defendants.

APPLETON, C. J. This is an action for supplies furnished by the plaintiff town for the support of Arabella Estes and her five children.

Arabella Estes was legally married to Josiah S. Estes April 12, 1857, at Hamlin's Grant plantation, at which time the settlement of the husband was in Bethel where it continued to be until his death, June 22, 1864, and where the derivative settlement of the wife was at the time.

On February 13, 1873, Hamlin's Grant plantation was annexed to Woodstock, c. 269. At the time of the annexation Arabella Estes and her five children resided in Hamlin's Grant plantation and continued to reside there until April 12, 1873, when the supplies in controversy were furnished.

It is admitted by the agreement of the parties that the settlement of Mrs. Estes and children remained in Bethel up to the time the supplies in question were furnished unless changed by the act of the legislature annexing Hamlin's Grant to the plaintiff town.

Two of the children of Mrs. Estes born since the death of her husband are conceded to be illegitimate.

The notice to the defendant town set forth that Arabella Estes and her five children had fallen into distress and were in need of immediate relief and that the supplies needed to relieve such distress had been furnished.

The objection is taken that the notice is not sufficiently definite. The cases relied upon to establish the invalidity of the notice are materially different from the one under consideration. In *Bangor* v. *Deer Isle*, 1 Maine, 329, a notice that "S and his family" or that "S and several of his children" were chargeable was held insufficient for indefiniteness. In *Dover* v. *Paris*, 5 Maine, 430, that case was re-affirmed. In *Embden* v. *Augusta*, 12 Mass. 307, the notice that "the family of J S" had become chargeable with-

out stating the number of persons composing such family was held too uncertain, "inasmuch," says Parker, C. J., "as the overseers of Augusta might not know what individuals composed that family, so as to provide for their removal or support." In *Walpole* v. *Hopkinton*, 4 Pick. 358, a notice that "E S and her three children" have become chargeable, was held bad, as to the children, she having four. To the same effect was the case of *New Boston* v. *Dunbarton*, 12 N. H. 409. *Northfield* v. *Taunton*, 4 Met. 433.

But these cases have been modified by subsequent decisions. In *Orange* v. *Sudbury*, 10 Pick. 22, notice that A E and wife and three children were in distress and were chargeable, there being but three, was held sufficient. In *Lynn* v. *Newburyport*, 5 Allen, 545, the notice was Mrs. A B and three children had applied for relief, etc. "One objection taken to the notice is," observes Metcalf, J., "that they do not mention the names of the children of the several parents. But it is not shown nor even suggested that either of the parents had more than three children. The cases of *Walpole* v. *Hopkinton*, 4 Pick. 358, and *Northfield* v. *Taunton*, 4 Met. 433, and other similar cases do not sustain the objection."

In *Burlington* v. *Essex*, 19 Vt. 91, it was held that the order of removal of a pauper and his wife and four children would not be quashed although it did not state the names of the children nor allege that they were minors. The objection was taken that the notice was defective and reliance placed upon the cases where the notice was that A B and family were chargeable, etc. "But that reason fails in this instance," remarks Royce, C. J., "since the family is described as consisting of the pauper's wife and his four children. It is contended that the defect is not cured, inasmuch as the children are not alleged to be minors. But we think the want of such an averment is not fatal. For so long as it appears they were the pauper's children and living with him as part of his family, we should rather intend that they were dependent on him as a parent and subject to parental control, than that they were adult children and emancipated." Here the case shows the children were minors.

The notice here stated truly and definitely the number of the children of Arabella Estes, unless the doctrine that a bastard is

*nullius filius*, is to be invoked to negative the truth of the number of children as set forth in the notice of the plaintiff town. The statute settles that they have the settlement of the mother.

This is a case of the annexation of a plantation to an existing town. It is not a case of a division of towns. The plaintiffs' case is not within R. S., c. 24, § 1, rule 4, which relates to the division of towns, nor to rule 8, which refers exclusively to the incorporation of unincorporated places. The brief statement of the defendants alleges a residence of the paupers for more than five years in the plantation of Hamlin's Grant, but that fact is not admitted in the agreed statement, nor is it in proof. The paupers, therefore, have no settlement in the plaintiff town.

It may not be amiss to observe that the law as to the effect of incorporation on those resident in an unincorporated place at the date of such incorporation, has been materially changed since the passage of the laws of 1821, c. 122, relating to paupers, and consequently the decisions in relation to that statute are somewhat inapplicable to the modifications and changes in subsequent revisions.                *Judgment for plaintiffs.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.